UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18 CR 128 |
| | ) | |
| BRANDON KENDRICK | ) | |

## OPINION and ORDER

This matter is before the court on defendant Brandon Kendrick's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE ## 44, 53.) For the reasons that follow, the motion is denied.

**I.    BACKGROUND**

In May 2019, this court sentenced Kendrick to 33 months' imprisonment following his conviction for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (DE # 42.) Kendrick is currently incarcerated at FMC Lexington, in Lexington, Kentucky.

According to the April 2019 final presentence report, to which there were no objections, on June 23, 2017, the Bureau of Alcohol, Tobacco, Firearms, and Explosives used a confidential informant to make a controlled purchase of a .40 caliber, semi-automatic pistol from Kendrick in exchange for $300. (DE # 28 at 4.) The firearm had previously been reported stolen. (*Id.* at 5.)

In calculating Kendrick's advisory Guidelines range in this case, the Probation Office considered Kendrick's criminal history. Beyond Kendrick's juvenile history, which included stints of probation and detention, Kendrick was convicted by this court

in 2001 of car-jacking and carrying a firearm during a crime of violence, for his role in the robbery of a UPS driver. (*Id.* at 6-8.) For these felony convictions, Kendrick was sentenced to 138 months' imprisonment and three years of supervised release. (*Id.* at 7.) His supervised release was revoked twice, in 2011 and again in 2014. (*Id.* at 7-8.)

In this case, the presentence report calculated Kendrick's adjusted offense level to be 19. (*Id.* at 6.) With a criminal history category of II, Kendrick's advisory Guidelines range was 33 to 41 months' imprisonment. (*Id.* at 14.) This court sentenced Kendrick to 33 months' imprisonment. (DE # 43.)

On June 3, 2020, Kendrick moved for release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 44.) Kendrick argues that his high blood pressure and diabetes place him at higher risk of serious illness were he to contract COVID-19, and this risk constitutes an extraordinary and compelling reason justifying his release from prison. (DE ## 44, 53.) Kendrick is presently 37 years old and has a projected release date from prison of May 3, 2021. (DE # 50-1 at 1.)

Pursuant to this court's General Order 2020-11, the undersigned referred Kendrick's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Kendrick may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act of 2018. (DE # 46.) The FCD filed a notice of non-representation. (DE # 47.) The Government opposes Kendrick's request for compassionate release. (DE # 50.) Kendrick has not filed a reply brief, and his time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B); N.D. Ind. L. Cr. R. 1-1(b).

2

## II. ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Kendrick claims that he submitted a request for compassionate release to the warden at his correctional facility, but did not receive a response within 30 days, after which he filed the present motion. (DE # 44 at 5.) The Government claims that the BOP

3

does not have any request from Kendrick in the BOP database, but it could not confirm whether Kendrick made a request that had not yet been uploaded to the database. (DE # 50 at 9.)

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Thus, there is an important distinction between a rule that is a jurisdictional requirement (governing a court's adjudicatory capacity) and one that is a claim-processing rule (mandating that parties take certain procedural steps at specified times). *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). In *Arbaugh v. Y&H Corp.*, the Supreme Court adopted a "bright line" test for classifying a statutory rule as jurisdictional. 546 U.S. 500, 515–16 (2006). A rule qualifies as jurisdictional if "Congress has 'clearly stated' that the rule is jurisdictional; absent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional in character.' " *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (quoting *Arbaugh*, 546 U.S. at 515–16).

The Seventh Circuit has not decided whether § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional. However, the Circuit has held that a failure to meet the requirements of § 3582(c)(2) did not prevent a court from having jurisdiction over a motion made under that subsection. *United States v. Taylor*, 778 F.3d 667, 671 (7th Cir. 2015) (Section 3582(c)(2)'s statutory criteria created a non-jurisdictional case processing rule and thus "district courts have subject-matter jurisdiction over . . . a § 3582(c)(2) motion even when authority to grant a motion is absent because the statutory criteria

4

are not met."). The Court in *Taylor* noted that § 3582(c) is not part of a jurisdictional portion of the criminal code and is not phrased in jurisdictional terms. *Id.* at 671. Courts in this district have relied on *Taylor* in determining that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional. *See e.g. United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020).

Following the reasoning in *Taylor*, this court finds that Congress did not clearly mark the exhaustion requirement of § 3582(c)(1)(A) as jurisdictional, and therefore it is a claim-processing rule, not a jurisdictional rule. Thus, the court can adjudicate defendant's motion regardless of whether the exhaustion requirement is satisfied. In this case, the court need not resolve the issue because defendant has not shown extraordinary and compelling reasons for a reduction in his term of imprisonment. *See e.g. Council*, 2020 WL 3097461, at *5 (declining to resolve exhaustion issue where compassionate relief was not warranted); *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020) (same).

**2.     Extraordinary and Compelling Reasons**

The court is only authorized to grant Kendrick's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing

Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment.[1] U.S.S.G. § 1B1.13 cmt. n.1.

The spread of COVID-19 has presented unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

The CDC has identified diabetes as a comorbidity that increases the likelihood of serious harm from COVID-19. Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed July 10, 2020) ("Patients in China with no reported underlying medical conditions had an overall case fatality of 0.9%. Case fatality was higher for patients with comorbidities: 10.5% for those with cardiovascular disease, 7.3% for

---

[1] The court notes that § 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

diabetes, and approximately 6% for those with chronic respiratory disease, or cancer."). Moreover, the CDC has stated, "[p]eople with hypertension may be at an increased risk for severe illness from COVID-19 and should continue to take their medications as prescribed." *Id.* Kendrick's medical records demonstrate that his medical conditions are being monitored.

While Kendrick may be at an increased risk were he to contract COVID-19, the prison where he is currently located has a low number of active, confirmed cases. FMC Lexington, where Kendrick is housed, has 8 active inmate and 0 active staff cases of COVID-19, has had 7 inmate and 0 staff deaths caused by COVID-19, and has had 231 inmates and 10 staff members recover from COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited July 10, 2020).

Under the circumstances, the court cannot say that defendant's medical conditions and the present COVID-19 pandemic provide an extraordinary and compelling reason to warrant compassionate release. While the court is sympathetic with Kendrick's situation and his concern about potentially becoming infected with COVID-19 from someone else at the facility, that risk is not an extraordinary and compelling reason to justify his release, particularly in light of the low number of confirmed cases in the prison. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally)

7

cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease.").

### 3. Section 3553(a) Factors

Even if the court determined that Kendrick had presented an extraordinary and compelling reason weighing in favor of his early release, the court would then need to consider whether such a reason remained after the court considered the applicable sentencing factors in § 3553(a). These factors include: the nature and circumstances of the offense and the characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and deter future criminal conduct; and to protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a).

In this case, Kendrick unlawfully possessed a stolen firearm, after being convicted of car-jacking and carrying a firearm during a crime of violence. A prior lengthy federal term of imprisonment for his earlier felony convictions, followed by a return to prison on two separate supervised release violations, did not deter Kendrick from committing the offense for which he was convicted in this case. In light of Kendrick's offense and history, the court finds that the factors of deterrence, protection of the public, just punishment, respect for the law, and the serious nature of his crime, all warrant the denial of Kendrick's motion for early release.

8

    **4.**    **Sentencing Commission Policy Statements**

Finally, the court must consider whether early termination of Kendrick's term of imprisonment is consistent with the Sentencing Commission's policy statements. The court again turns to § 1B1.13 of the Sentencing Guidelines. *See* 28 U.S.C. § 994(t).

In addition to considering whether an extraordinary and compelling reason warrants a reduction, and considering any applicable § 3553(a) factors, the Sentencing Commission's policy statement requires that courts determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13. Pursuant to § 3142(g) the court considers factors such as: the nature and circumstances of the offense charged, including whether the offense involved a firearm; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The Government has not specifically argued that Kendrick would pose a particular danger to the community. However, the court need not decide the issue because, as explained in the preceding sections, early release is not warranted in this case.

    **5.**    **Summary**

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). The court has carefully weighed the relevant consideration and finds that defendant's situation does not meet the stringent requirements necessary to justify his early release from prison. The court finds that, even if defendant exhausted his administrative remedies, a

reduced term of imprisonment under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is not warranted because his circumstances are not "extraordinary and compelling" and is his early release would not be consistent with the relevant sentencing factors in § 3553(a). *See e.g. United States v. Arroyo*, No. 2:19-CR-54-1-TLS-JPK, 2020 WL 3118787, at *5 (N.D. Ind. June 12, 2020) (denying motion for compassionate release, despite defendant's Type 2 diabetes, fatty liver, and high cholesterol, where defendant was 31 years old, housed in a facility with no confirmed active cases of COVID-19, and early release would not be consistent with the § 3553(a) factors); *United States v. Downing*, No. 18-CR-40037-JES-JEH, 2020 WL 2789790, at *1-2 (C.D. Ill. May 29, 2020) (denying motion for compassionate release, despite defendant's Type 2 diabetes, COPD, anemia, asthma, and high blood pressure, where defendant was 43 years old, was housed in a facility with 5 active confirmed COIVD-19 cases, and early release would not be consistent with the § 3553(a) factors). Accordingly, Kendrick's motion will be denied.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to amend (DE # 53) is **GRANTED**. Defendant's motion under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act is **DENIED**. (DE # 44.)

                                                **SO ORDERED.**

Date: July 10, 2020

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT